Stanley Goff, Bar No. 289564
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiff Floyde Armbrester

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYDE ARMBRESTER, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES: EXCESSIVE FORCE, FALSE ARREST PURSUANT TO [42 U.S.C. § 1983]; ADA VIOLATION |
| vs. | |
| THE CITY OF BERKELEY AND DEFENDANT OFFICERS DOES 1 THROUGH 50 | BATTERY, NEGLIGENCE, FALSE IMPRISONMENT, AND VIOLATION OF CALIFORNIA BANE ACT |
| Defendants. | |

**DEMAND FOR JURY TRIAL**

COMPLAINT FOR DAMAGES- 1

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this complaint under 42 U.S.C. §1983.

**I.**

**PARTIES**

1.   Plaintiff Floyde Armbrester brings an action for the above-mentioned federal and state causes of action against all defendant parties.

2. The City of Berkeley is a public entity, subject to the laws of the State of California and the employs the defendant officers in this case.

3. Defendant DOE officers were at all times relevant to this complaint employed as law enforcement officers employed by the City of Berkeley when they engaged in the acts leading to the plaintiff's injuries. Each defendant officer is being sued in his/her official and individual capacity.

4. At all times relevant to this complaint, all defendants acted under color of state law and will hereinafter be referred to as "defendant officers".

COMPLAINT FOR DAMAGES- 2

**II.**

**STATEMENT OF FACTS**

5. On September 9, 2015, the Plaintiff who is completely blind and suffers from severe physical impairments due to multiple gunshot wounds a year prior to the incident, (impairments include having steel rods implanted in both of the plaintiff's arms, severely decreasing his range of motion, a detached finger, a traumatic brain injury and complete loss of sight) was in his residence with his care giver.

6. His caregiver left the residence briefly and while she was gone, the Plaintiff suffered a severe panic and anxiety attack that is common with people who are disabled due to traumatic events. During this anxiety attack, the Plaintiff managed to lock himself in the home and lock the caregiver out.

7. The Plaintiff in his anxiety attack state, fell upon his living room floor and began yelling out for someone to call the police to help him because he was suffering from his panic attack.

8. During this same period, the caregiver was trying to gain entry into the resident to assist the Plaintiff. Since she was locked out of the front door, she decided to go to the side of the residence to see if there was a window that she could climb through. She located a window that was open and attempted to climb through but in climbing, she scratched herself slightly on her chest area.

9. By the time the caregiver climbed and through the window, the police arrived and the Plaintiff gained his composure enough to locate the door and open it to let the police in.

COMPLAINT FOR DAMAGES- 3

10. While the police were inside the residence, one of the officers noticed the scratches on the caregiver's chest and asked her how she obtained them. The caregiver expressly conveyed to the officer that the scratches were acquired while she attempted to gain entry into the residence through a side window.

11. Immediately after the caregiver's explanation, the officers placed the Plaintiff under arrest for domestic violence. The caregiver then began to inform the officers that the Plaintiff was completely disabled and had steal rods implanted in both of his arms which would affect his ability to be handcuffed with his hands behind his back.

12. The officers ignored this information and proceeded to take the Plaintiff's arms and placed them behind his back. The plaintiff began to scream in agonizing pain. The caregiver then begged the officers to stop and offered to show paperwork proving that the Plaintiff suffered from these disabilities.

13. The officers again refused to listen to the caregiver and began again to place the Plaintiff's hands behind his back again, which caused the Plaintiff to whale in agonizing pain for five minutes before another officer finally handcuffed the Plaintiff from the front so as not to put stress on his arms.


14. The Plaintiff was charged with domestic violence and was taken to jail. During transport, inside a transport, plaintiff was not properly restrained to a seat and was therefore sliding around in the back of the transport van without being able to brace himself due to his physical disabilities and loss of sight.

COMPLAINT FOR DAMAGES- 4

15. The county attempted to place the Plaintiff in main population, and the Plaintiff begged with tears in his eyes not to be placed in main population due to him being completely blind and vulnerable. The Plaintiff was detained in jail for several hours until the charges were dropped and he was released. During the period of detainment, the Plaintiff could not sleep, suffered paranoid thoughts and still has nightmares about being in jail to date.

16. The Plaintiff submitted a tort claim form to the City of Berkeley and this tort claim has been subsequently rejected on April 12, 2016.

## FEDERAL CAUSE OF ACTION

### Plaintiff v. Defendant Officers  (Federal Constitutional Claims)

*Excessive Force*

17. The defendants violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from excessive force when after ignoring warnings given to them by the Plaintiff's caregiver that he was completely disabled, had steal rods implanted in both of his arms and that his arms could not be bent without causing the Plaintiff pain, took the Plaintiff's arms, placed them behind his back which caused the steal rods to pinch against the Plaintiff's muscle and bone inside his arms causing him to scream in agonizing pain and that this use of unreasonable force went on for over five minutes before the Defendants finally handcuffed the Plaintiff from the front so as not to put stress on his arms and that this level of force used against the Plaintiff's person was not reasonable nor provoked.

COMPLAINT FOR DAMAGES- 5

*False Arrest*

18. Defendant officers caused the Plaintiff to be ***falsely arrested*** without probable cause, which deprived the Plaintiff of her right to be free from unreasonable seizures of his person under the Fourth Amendment of the United States Constitution.

19. That the Defendant officers arrested Plaintiff without a warrant and without probable cause that he committed any crime because the officers had specific knowledge provided by the caregiver that the Plaintiff had not committed any act of domestic violence against her and was not breaking the law in any form or fashion when they detained him and ultimately arrested him.

20. That Plaintiff was actually harmed by being falsely arrested because he was detained in jail for several hours until the charges were dropped and he was released. During the period of detainment, the plaintiff could not sleep, suffered paranoid thoughts and still had nightmares about being in jail to date; and

21. That the Defendant officers' conduct was a substantial factor in causing the Plaintiff's harm.

## Plaintiff v. City of Berkeley  (Federal Constitutional Claims)

*American With Disabilities Act*

22. That the Plaintiff is an individual with a disability because he is completely blind, has limited mobility in both of his arms due to being shot multiple times and that his disabilities prevent him from engaging in normal life activities such as learning, performing manual tasks, caring for himself, and working.

COMPLAINT FOR DAMAGES- 6

23. That the Plaintiff has medical records, which indicate a history of his disabilities and his impairments as a result of his disabilities.

***Reasonable Accommodation Theory***

24. That the Defendant officers failed to reasonably accommodate the Plaintiff's disability in the course of their criminal investigation or detainment or arrest of him, causing the Plaintiff to suffered greater physical injuries in the process than other people arrested under identical circumstances who are not disabled.

25. That the Defendant officer were on notice of the Plaintiff's need for an accommodation based on his disabilities because they were informed by the Plaintiff's caregiver prior to their attempt to bend the Plaintiff's arms behind his back to place him in handcuffs.

26. That at the time of the Plaintiff's arrest and or detainment by force, their existed the reasonable accommodation of the Defendants having a medical specialist come to the scene and properly handle the Plaintiff in the course of arresting him without causing him undue harm.

27. That this modification and or accommodation would not have fundamentally altered the Defendants' ability to take the Plaintiff into custody.

COMPLAINT FOR DAMAGES- 7

## STATE CAUSES OF ACTION

### Plaintiff v. Defendant Officers  (State Battery Claim)

28. The Defendants caused the Plaintiff to suffer a battery when after ignoring warnings given to them by the Plaintiff's caregiver that he was completely disabled, had steal rods implanted in both of his arms and that his arms could not be bent without causing the Plaintiff pain, took the plaintiff's arms and placed them behind his back which caused the steal rods to pinch against the Plaintiff's muscle and bone inside his arms causing him to scream in agonizing pain.

29.  That this use of unreasonable force went on for over five minutes before the Defendants finally handcuffed the Plaintiff from the front so as not to put stress on his arms and that this level of force used against the Plaintiff's person was not reasonable nor provoked.

30.  The Defendant officers are liable for all injuries caused by their acts, causing the Plaintiff to suffer an unlawful battery to the same extent as a private person pursuant to California Government Code Section 820(a).


31. Defendants as public employees are not exonerated or immune from liability for the act of committing a battery upon the Plaintiff's person pursuant to California Government Code Section 820.8.

COMPLAINT FOR DAMAGES- 8

**Plaintiff v. Defendant City of Berkeley (State Battery Claim)**

32. Because the individual Defendants were acting as agents, servants, and or employees of Defendant City of Berkeley, and because the individual defendants were acting within the scope and course of their employment, and under the direct control and supervision of Defendant City of Berkeley, Defendant Berkley is liable to the Plaintiff for battery pursuant to California Government Code §815.2.

**Plaintiff v. Defendant Officers  (State Negligence Claim)**

33. By virtue of the foregoing, Defendants owed Plaintiff a duty of care not to cause the Plaintiff physical harm, or to cause him to suffer a battery and false arrest or false imprisonment, and that this duty was breached by the Defendants negligence and failure to exercise due care in their handling of the Plaintiff.

34. The Defendant officers are liable for all injuries caused by their acts of causing the Plaintiff to suffer harm based on their negligence to the same extent as a private person pursuant to California Government Code Section 820(a).

35. Defendants as public employees are not exonerated or immune from liability for negligence for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

36. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

COMPLAINT FOR DAMAGES- 9

1

2

3

**Plaintiff v. Defendant City of Concord (State Negligence Claim)**

4

37. Because the individual defendants were acting as agents, servants, and or employees

5

of Defendant City of Berkeley, and because the individual Defendants were acting within the

6

scope and course of their employment, and under the direct control and supervision of Defendant

7

City of Berkeley, Defendant Berkeley is liable pursuant to California Government Code §815.2.

8

**Plaintiff v. Defendant Officers  (State False Imprisonment Claim)**

9

38. Defendant officers in performing their ministerial functions as Berkeley Police

10

Officers illegally caused the Plaintiff to be restrained and confined within a bounded area

11

12

without his consent (and that he was aware of this confinement), when he was arrested by the

13

Defendants without having any reasonable or probable cause to believe that the Plaintiff had

14

committed any crime.

15

16

39. Defendants did in fact cause the Plaintiff to be falsely imprisoned without

17

provocation, necessity or legal justification, in a manner that was likely to, and did in fact, cause

18

Plaintiff's harm.

19

20

40. The Defendant officers are liable for all injuries caused by their acts of causing the

21

Plaintiff to be falsely imprisoned to the same extent as a private person pursuant to California

22

Government Code Section 820(a).

23

24

25

26

27

28

COMPLAINT FOR DAMAGES- 10

41. Defendant officers as public employees are not exonerated or immune from liability for the act of false imprisonment pursuant to California Government Code Section 820.4.

**Plaintiff v. Defendant City of Berkeley (State False Imprisonment Claim)**

42. Because the individual Defendants were acting as agents, servants, and or employees of Defendant City of Berkeley, and because the individual Defendants were acting within the scope and course of their employment, and under the direct control and supervision of Defendant City of Berkeley, Defendant Berkeley is liable pursuant to California Government Code §815.2.

**Plaintiff v. Defendant Officers  (52.1. Civil Rights Violation)**

43. That Defendant officers interfered with the Plaintiff's Fourth amendment right to be free from the unlawful seizure of his person through the exercise of excessive force when they as incident to the unlawful detention of the Plaintiff's person, bent his arms with steal rods implanted inside that they had notice of, causing his injuries.

44. That upon observing the Defendants bending his arms with steal rods implanted inside, causing him tremendous pain and suffering, the Plaintiff reasonably believed that if he exercised his right to be free from unlawful detention that the Defendant officers would commit violence against him, which they subsequently did.

45. That the Defendant officers injured the Plaintiff to prevent him from exercising his right to be free from unlawful detainment.

COMPLAINT FOR DAMAGES- 11

46. That the Plaintiff was harmed because he suffered physical injuries, as well as severe emotional stress as a result of the violent acts imposed on him by the Defendant officers; and

47. That the Defendant officers conduct a substantial factor in causing his harm.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as follows:

1.  Compensatory damages as to all defendants;

2.  For punitive damages according to proof as to each defendant officer;

3.  Reasonable attorneys' fees and costs pursuant to U.S.C. 1988;

4.  For such other and further relief as the court deems just and proper

Plaintiff hereby demands a jury trial.

Dated: August 8, 2016

_____ /s/
Stanley Goff Esq.,
Attorney for Plaintiff Floyde Armbrester

COMPLAINT FOR DAMAGES- 12