UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD ARMBRESTER,<br>　　　　Plaintiff,<br>　v.<br>CITY OF BERKELEY, et al.,<br>　　　　Defendants. | Case No. 16-cv-04615-JCS<br><br>**ORDER RE MOTIONS IN LIMINE AND MOTIONS TO EXCLUDE**<br><br>Re: Dkt. Nos. 48, 50, 61, 62, 63, 64, 66, 67, 68, 69, 70, 71 |

On June 8, 2018, the Court held a pretrial conference in this case. The Court sets forth below its rulings on the parties' motions in limine and motions to exclude expert testimony. For the reasons stated on the record, the Court rules as follows:

## I.　PLAINTIFF'S MOTIONS IN LIMINE

- <u>Plaintiff's Motion in Limine No. 1 to Exclude the Introduction of Any Improper Character Evidence at Trial [Dkt. No. 68]</u>: DENIED

- <u>Plaintiff's Motion in Limine No. 2 to Exclude Evidence of the Plaintiff's Prior Lawsuit Against Oakland for Excessive Force [Dkt. No. 69]</u>: GRANTED as to the exclusion of evidence relating to Plaintiff's prior lawsuit asserting an excessive force claim against the City of Oakland. The Court's ruling on this motion in limine does not preclude the City of Berkeley from introducing evidence that Plaintiff did not consult a doctor about the injuries alleged in this action until after he had consulted a lawyer.

- <u>Plaintiff's Motion in Limine No. 3 To Exclude Evidence Of Plaintiff's Prior Felony

|   |   |
|---|---|
| 1 | Conviction [Dkt. No. 70]:  GRANTED. |
| 2 | • Plaintiff's Motion in Limine No. 4 To Exclude Evidence Of Plaintiff's Arrest |
| 3 | Relating To This Suit [Dkt. No. 71]:  DENIED. |

## II. DEFENDANTS' MOTIONS IN LIMINE

- Defendants' Motion in Limine No. 1 to Exclude Lay Opinion Testimony Re Whether the Use of Force was Excessive or Unnecessary [Dkt. No. 61]:  DENIED.
- Defendants' Motion in Limine No. 2 to Exclude Evidence or Argument Re Facts Not Known to the Officers at the Time of the Incident [Dkt. No. 62]:  GRANTED in part and DENIED in part.  Plaintiff may present evidence that he was blind and had a metal rod in his arm.  He may not offer evidence or testimony as to how he became blind or why he had a metal rod in his arm.
- Defendants' Motion in Limine No. 3 to Exclude Evidence of Officers' Net Worth [Dkt. No. 63]:  DENIED.
- Defendants' Motion in Limine No. 4 to Exclude Evidence re False Arrest and Dismissal of the Criminal Charges Against Plaintiff [Dkt. No. 67]:  GRANTED.
- Defendants' Motion in Limine No. 5 to Exclude Evidence of Indemnification [Dkt. No. 64]:  GRANTED.
- Defendants' Motion in Limine to Exclude Evidence of a "Wall of Blue" or "Code of Silence" [Dkt. No. 66]:  DENIED.

## III. DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS ROGER CLARK, OR IN THE ALTERNATIVE, PROHIBIT HIM FROM OFFERING CERTAIN IMPROPER OPINIONS [DOCKET NO. 48]

The Court GRANTS in part and DENIES in part Defendants' Motion to Exclude Plaintiff's Expert Witness Roger Clark for the reasons stated on the record.  As a police practices expert, it is permissible for Mr. Clark to testify about policies and procedures relevant to whether the Officers' conduct was reasonable.   He may, therefore, testify about customs and practices of police officers, including any non-law sources of those practices such as Post Standards or internal department policies.  He may *not* testify about what the law is or whether Defendants' conduct was legal.

With respect to the specific opinions contained in Mr. Clark's expert report, starting at page 19, the Court rules as follows.

- Opinion Nos. 1-3, 8 and 11 are excluded in their entirety.
- Opinion No. 4 is permissible except for the words "that is forbidden by policy and law."
- Portions of Opinion No. 5 are permissible. Mr. Clark may testify that the use of force was excessive, about his understanding that Mr. Armbrester was "cooperative, unarmed, non-combative, and not a threat," and that the use of force was "totally avoidable." On the other hand, the following words and phrases in this paragraph are excluded: "deliberately," "that resulted [in] serious and significant injuries," "and for which they cannot be excused or forgiven," and "was a willful disregard for the safety of Mr. Armbrester, and."
- Opinion No. 6 is permissible except for the words "significant" before the word "injuries" and the use of the word "statutory" before "requirements." The Court also excludes the opinions concerning "Officer Liability," "Cruel or unusual punishment" and "Inhumane or Oppressive treatment" under Post.
- Opinions 7 and 9 are permissible.
- Opinion 10 is permissible except for the last paragraph, which references the United States Constitution. That paragraph is excluded in its entirety.

**IV. PLAINTIFF'S MOTION TO EXCLUDE EXPERT OPINION OF MICHAEL SULLIVAN [DKT. NO. 50]**

Plaintiff's Motion to Exclude the Expert Opinion of Michael Sullivan is GRANTED in part and DENIED in part. Mr. Sullivan may offer testimony as to the custom and practice of a reasonable police department and a reasonable officer as to arresting persons with disabilities. He may also cite in that regard any city policies referenced in his report. Mr. Sullivan may not, however, offer any ultimate conclusions such as whether the officers violated the ADA, whether reasonable accommodations were provided under the ADA, or whether there was discrimination
3

on the basis of a disability under the ADA.

**IT IS SO ORDERED.**

Dated: June 11, 2018

_____
JOSEPH C. SPERO
Chief Magistrate Judge